

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| NATALIE WOODS, | ) Docket No. 2016-03-1328 |
| Employee, | ) |
| v. | ) State File No.89721-2016 |
| DOLLAR GENERAL, | ) |
| Self-Insured Employer. | ) Judge Pamela B. Johnson |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS IN PART AND DENYING BENEFITS IN PART
### (Decision on the Record)

---

This matter came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Natalie Woods, seeking a decision on the record in lieu of convening an evidentiary hearing. Dollar General did not file a Response to the Request for Expedited Hearing and did not request an evidentiary hearing. The Court issued a Docketing Notice on March 20, 2017, listing the documents to be considered. This Court gave Ms. Woods and Dollar General until March 31, 2017, to file objections and/or position statements. Ms. Woods filed a Supplemental Brief in Support of Application for Attorneys' Fees on March 30, 2017. Dollar General filed a Response to Employee's Application for Attorney's Fees and Memorandum of Law in Opposition to Employee's Application for Attorney's Fees on April 6, 2017.

Upon careful consideration of the record, this Court finds it needs no additional information to determine whether Ms. Woods is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2016) and Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2016), the Court decides this matter upon a review of the written materials.

The central legal issue is whether Ms. Woods is likely to prevail at a hearing on the merits on entitlement to past and future medical benefits, temporary total disability benefits, and attorney's fees. For the reasons set forth below, the Court holds Ms. Woods came forward with sufficient evidence demonstrating she is likely to prevail at a hearing on the merits on entitlement to a panel of physicians, but she failed to come forward with

1

sufficient evidence demonstrating she is entitled to past medical benefits, temporary disability benefits, or attorney's fees. Accordingly, this Court concludes Ms. Woods is entitled to the requested benefits in part.

## History of Claim

A review of the written materials revealed the following facts. Ms. Woods is a forty-six year old resident of Blount County, Tennessee. She worked for a Dollar General store as a general manager, working sixty to eighty hours per week. Ms. Woods seeks workers' compensation benefits for an incident at work on November 16, 2016, wherein she alleged she suffered a stroke and developed psychological issues following a robbery at gunpoint.

Prior to the alleged November 16 work incident, while working in a hot storeroom on October 14, 2016, Ms. Woods purportedly suffered a stroke, experiencing left side paralysis and speech difficulty. An ambulance transported her to Blount Memorial Hospital. Dr. Ryan Joshi, the Emergency Room attending physician, diagnosed an acute cerebrovascular accident and acute hypertensive emergency. He admitted her and transferred her to the intensive care unit (ICU) for additional testing and specialist consultations. Follow-up MRI scans showed no evidence of an actual stroke. She remained hospitalized until October 20 when she transferred to Patricia Neal Rehabilitation Center.

At Patricia Neal, Ms. Woods received medical care, occupational therapy, and speech therapy for conversion disorder with stroke-like symptoms. On October 25, Dr. J. Sidney Alexander, following a psychiatry consultation, recommended further psychotherapy for conversion disorder. Upon discharge on October 28, Ms. Woods was instructed to continue outpatient physical therapy and occupational therapy and follow up with Dr. Waller Werner, her primary care physician, and Dr. Wendy Pitts at Cove Mountain Counseling.

Ms. Woods saw Dr. Werner on November 7. Dr. Werner diagnosed hypertension, cerebrovascular disease, and acute left otitis media. Dr. Werner released Ms. Woods to resume work unrestricted. She missed work from October 14 through November 9.

On November 16, a few days following her return to work, the armed robbery occurred. At the time of the robbery, she experienced slurred speech, left-sided head pain, and unilateral paresthesias of the right extremities. She went to Blount Memorial Hospital and admitted with stroke-like symptoms. Dr. Kent O'Brien, the Blount Memorial attending physician, diagnosed (1) acute stress reaction with neurologic sequelae, (2) acute headache, and (3) acute hypertensive urgency. Ms. Woods was discharged the same day because she preferred to go home instead of staying overnight

and indicated she had a previously scheduled appointment with Dr. Werner the following day.

Dr. Werner evaluated Ms. Woods on November 17 for acute anxiety and fear. Dr. Werner noted she did not have any physical injuries but she was shaken, severely fearful, and apprehensive. Dr. Werner diagnosed acute reaction to stress and prescribed Lexapro and Xanax. Dr. Werner suggested Ms. Woods remain off work for two weeks.

The following day, Dollar General's carrier obtained a recorded statement from Ms. Woods and verbally provided her a panel of physicians. She selected Park Med Urgent Care. Dollar General's carrier scheduled a same-day appointment and offered Ms. Woods transportation, which she declined, and instructed her on how to track mileage and submit for reimbursement. Ms. Woods did not attend the appointment. The panel was subsequently provided in writing, but was not signed or dated.

At her next visit with Dr. Werner, on November 23, Ms. Woods stated she wanted to talk to someone about what happened because she experienced nightmares and fear of going out in public. Dr. Werner diagnosed (1) adjustment reaction with anxiety and depression and (2) post-traumatic stress disorder. Dr. Werner referred Ms. Woods to Compassion Counseling or to Parkway Psychiatric if Compassion Counsel was unable to assist her. Dr. Werner released Ms. Woods to return to work on December 5, daytime shift only. She missed work from November 16 through December 18.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Woods need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

The Workers' Compensation Law provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016); *see also Id.* at 50-6-204(b)(1). Further, "[t]he injured employee shall accept the medical benefits afforded . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community . . . from which the injured employee shall select one (1) to be the treating physician." *Id.* at 50-6-204(a)(3). Moreover, "treatment recommended by a physician . .

3

. selected pursuant to [§ 50-6-204(a)(3)] or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2016); *see also Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016).

Here, Ms. Woods seeks medical benefits, to include specifically a panel of neurologists and a panel of psychiatrists and payment of past medical expenses incurred to date. She asserts the panel offered by Dollar General was not a proper panel because the medical providers listed did not have offices in Tennessee and/or did not treat stroke symptoms or post-traumatic stress disorder. In response, Dollar General asserts it complied with the Workers' Compensation Law when it provided a panel to Ms. Woods from which she selected Park Med as the authorized provider, even though she did not attend the authorized appointment. Dollar General further asserts it is not obligated to provide medical benefits for treatment with an unauthorized provider. Additionally, it is not obligated to provide counseling based upon the referral of an unauthorized treating physician. Dollar General argues Ms. Woods must comply with the Workers' Compensation Law and accept a panel physician to evaluate her and determine if further treatment is necessary.

Based upon a careful review of the written materials, this court finds Dollar General did not provide a proper panel of physicians. As noted above, the Workers' Compensation Law required Dollar General to provide Ms. Woods with a panel of three physicians or specialty groups available in her community. Dollar General did not fulfill its obligation with the panel offered because not all providers were in Ms. Woods' local community and because the panel was not initially provided in writing and signed. Accordingly, this Court concludes Ms. Woods came forward with sufficient evidence to demonstrate that she is likely to prevail at a hearing on the merits on entitlement to a new panel of physicians. Dollar General shall provide Ms. Woods a proper panel of physicians under section 50-6-204(a)(3).

As to the issue of entitlement to past medical expenses incurred to date, this Court finds that Ms. Woods failed to offer any expert proof on the causal relationship between her stroke-like symptoms and resulting diagnoses and her employment. To prevail, Ms. Woods must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D). Thus, lay testimony must generally be corroborated by expert medical testimony in order to meet the burden of proof regarding causation. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015). Without a causal connection established by expert proof, this Court must conclude that Ms. Woods did not come forward with sufficient evidence, at

4

this time, demonstrating she is likely to prevail at a hearing on the merits on entitlement to reimbursement of past medical expenses.

To prevail on the issue of entitlement to temporary disability benefits, Ms. Woods must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc., et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Without any expert proof on the causal relationship between her stroke-like symptoms and resulting diagnoses and her employment, this Court must likewise conclude that Ms. Woods did not come forward with sufficient evidence, at this time, demonstrating she is likely to prevail at a hearing on the merits on entitlement to temporary total disability benefits.

In light of this Court's conclusions above, the issue of attorney's fees need not be addressed.

**IT IS, THEREFORE, ORDERED** as follows:

1. Dollar General shall provide Ms. Woods a proper panel of physicians under section 50-6-204(a)(3).

2. Ms. Woods' request for past medical expenses, temporary disability benefits, and attorney's fees is denied at this time.

3. This matter is set for a Scheduling Hearing on **June 22, 2017,** at **9:30 a.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 13th day of April, 2017.

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Employee's December 12, 2016 Position Statement
3. Medical Record Certification and Records of Dr. Werner/East Tennessee Medical Group
4. Employer's February 3, 2017 Position Statement
5. First Report of Work Injury (Form C-20)
6. Employee's Choice of Physicians (Form C-42)
7. Employee's Statement
8. Dispute Certification Notice
9. Request for Expedited Hearing
10. Brief in Support of Employee's Request for an Expedited Hearing
11. Affidavit of Timothy Roberto
12. Affidavit of Natalie Woods
13. Exhibits to Request for Expedited Hearing:
    - Exhibit 13.1, Medical Record Certification and Records of Blount Memorial Hospital
    - Exhibit 13.2, Medical Record Certification and Records of Patricia Neal Rehabilitation Center
    - Exhibit 13.3, Medical Record Certification and Records of Dr. Werner, East Tennessee Medical Group (*duplicate records*)
    - Exhibit 13.4, Emails from Tim Roberto to Debbie Gardner
    - Exhibit 13.5, Reply Email from Debbie Gardner to Tim Roberto
14. Docketing Notice for On-The-Record Determination
15. Agreed Order for Extension of Time To Respond
16. Employee's Supplemental Brief in Support of Application for Attorney's Fees
17. Affidavit of Timothy Roberto Regarding Reasonableness of Attorney's Fees
18. Employer's Response to Employee's Application for Attorney's Fees

19. Employer's Memorandum of Law in Opposition to Employee's Application for Attorney's Fees

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 13th day of April, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Timothy A. Roberto, Employee's Attorney | | | X | troberto@brownandroberto.com |
| James H. Tucker, Employer's Attorney | | | X | jtucker@manierherod.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

7